**KING v. SANFORD, Warden.**

**No. 1805.**

District Court, N. D. Georgia, Atlanta Division.

Feb. 6, 1943.

Max King in personam.

Harvey H. Tisinger, Asst. U. S. Atty., of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

On October 8, 1935, in the United States District Court for the Western District of Louisiana, petitioner was, upon his plea of guilty, sentenced on the first count of an indictment of three counts "to serve five years in the United States penitentiary at Leavenworth, Kansas, the execution of which is to begin at the expiration of the sentence he is now serving" which was imposed upon a State indictment.

The sentence further provided that: "On the other counts of this bill of indictment, it was ordered that the imposition of sentence be suspended for a period of five years, conditioned upon his not again violating any other law, state or federal, during said suspension."

Petitioner completed his term of sentence on the State charge and entered upon the service of the Federal sentence on April 28, 1939.

Subsequently, petitioner was charged with perjury alleged to have been committed in a habeas corpus proceeding in this Court on the 3rd day of October, 1941, and was, on writ of ad prosequendum, returned to the Western District of Louisiana for trial upon motion for revocation of his probation. He plead guilty to violating his probation on April 7, 1942, and was, on said day, sentenced upon revocation of probation, to a term of "two (2) years on the

second count of the indictment in the above numbered and entitled case said sentence to begin at the expiration of the sentence the defendant is presently serving in the U. S. Penitentiary at Atlanta, Georgia, on the first count of the indictment in the above numbered and entitled case," and it was "Further ordered that on the remaining third count of the indictment in the above numbered and entitled case, the imposition of sentence be suspended, and the said defendant be placed on probation as of this date, conditioned upon his not violating the terms and provisions of probation," et cetera.

Petitioner contends that he has completely served the probationary sentence, since the alleged violation of probation took place more than five years after the original sentence was imposed and since the maximum sentence permitted by law for the offense charged was imprisonment for five years, and also a limit of five years is placed by law on probationary terms. 18 U.S.C.A. §§ 724, 725.

Respondent maintains that the probationary period should be held to have commenced on the day petitioner was released from State custody and not on the day of sentence, on the ground that he could not be placed under Federal supervision during such custody.

█ I see no reason why a Judge may not make the probationary period begin at the time of sentence if he so desires, regardless of where the probationer may be. 18 U.S.C.A. § 724. It will be observed that the sentence did not defer the beginning of the probationary period, but merely provided that, "the imposition of sentence be suspended for a period of five years conditioned upon his not again violating any other law, state or federal, during said suspension." The term of a sentence, unless otherwise expressly provided, is to be held to begin on the date of its imposition, 18 U.S.C.A. § 709a, and I see no reason why the same construction should not be given a probationary sentence.

If the term of the probationary sentence is held to begin upon the date of imposition, it will be seen that more than the maximum period of five years had elapsed before the alleged violation of probation.

█ This being true, the probationary sentence was completely served and satisfied prior to any violation thereof and the new sentence imposed because of such violation was beyond the jurisdiction of the Court and void, since the law provides that: "At any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced, the court may issue a warrant and cause the defendant to be arrested and brought before the court." 18 U.S. C.A. § 725.

In this case it appears that both the maximum probationary period of five years, and the maximum sentence that could have been imposed, which was also a term of five years, had elapsed before probation was revoked and a new sentence imposed. The new sentence, therefore, was unauthorized and void.

The original five-year sentence on Count One, with allowance of good time, has been completely served and, since the two-year sentence is void, petitioner is now entitled to his discharge.

Whereupon, it is considered, ordered and adjudged that the writ of habeas corpus be, and the same hereby is, sustained, and that respondent discharge petitioner from custody at the end of fifteen (15) days from this date, such delay being allowed to afford opportunity for appeal if desired.